CHRISTIANSEN, Judge
(concurring in the result):
111 I concur in Part I of the majority decision but I concur in the result only as to *310 Part II because I find it concerning that defense counsel relied on an unofficial tran-seript to prepare his cross-examination of the victim and did not review the original video recording of the victim's Children's Justice Center (CJC) interview prior to questioning the victim at trial, In my opinion, when presented with an original video recording of the victim's CJC interview and an unofficial transcript made from that recording by an employee of the CJC, effective counsel should have examined the original evidence to prepare for trial.
{12 I believe, however, that we need not determine whether a failure to review the original recording, rather than rely on the unofficial transcript, amounts to a deficiency in counsel's performance because Defendant has not shown prejudice-ie., that absent the allegedly deficient performance there is "* 'a reasonable probability that ... the result of the proceeding would have been different.'" See State v. Templin, 805 P.2d 182, 187 (Utah 1990) (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Given the jury's rejection of Defendant's alibi defense even after numerous defense witnesses testified, Defendant's claim that the jury would have been less likely to believe the victim if the State had not been given an opportunity "to rehabilitate and bolster [the victim's] eredibility and memory" is purely speculative. See Fernandez v. Cook, 870 P.2d 870, 877 (Utah 1993) ("[Plroof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality."). It is unlikely that the ultimate outcome of Defendant's case would have been different had his counsel not attempted to impeach the vie-tim's statements about the clothing she and Defendant were wearing during the abuse.
13 As any prejudice analysis must begin with a "'strong presumption' that the outcome of the particular proceeding is reliable," see Benvenuto v. State, 2007 UT 53, ¶ 23., 165 P.3d 1195 (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052), based upon the evidence presented at trial and the jury's rejection of Defendant's alibi defense, Defendant fails to show that any prejudice resulted from counsel's failure to review the original video recording of the victim's CJC interview to confirm that there were actual inconsistencies in the victim's statements. Accordingly, though I disagree with the majority decision that defense counsel adequately prepared for trial by relying on an unofficial transcript prepared by a source connected to the state, I concur in the result of Part II because Defendant has failed to show a reasonable probability that, despite counsel's failure to review the original evidence, the result of the case would have been different.